**Opinion filed July 23, 2026**



# In The

# Eleventh Court of Appeals

_____

## No. 11-26-00048-CV

_____

## SPENCER JON MCFARLAND, Appellant

## V.

## TRACEY DENISE BOUYER, Appellee

**On Appeal from the 393rd District Court**
**Denton County, Texas**
**Trial Court Cause No. 25-2970-393**

## M E M O R A N D U M   O P I N I O N[1]

This appeal arises from a final divorce decree that dissolved the marriage of Appellant, Spencer Jon McFarland, and Appellee, Tracey Denise Bouyer. As he did in the trial court, McFarland is proceeding on appeal without the assistance of

---

[1]Pursuant to Misc. Docket Order No. 25-9100 issued by the Texas Supreme Court on December 19, 2025, this appeal was transferred to us from the Second Court of Appeals. Therefore, as the transferee court, we must decide the issues raised in this appeal in accordance with the precedent of the Second Court of Appeals if its precedent conflicts with ours. *See* TEX. R. APP. P. 41.3.

counsel.[2]  In his first issue, McFarland asserts that the trial court abused its discretion when it awarded the marital residence and 100% of the accrued equity in the residence to Bouyer.  In his second issue, he contends that the trial court denied him a meaningful opportunity to present evidence resulting in an improper division of the marital estate.  We affirm.[3]

## I. *Factual and Procedural History*

McFarland and Bouyer were married on February 23, 2007.  No children were conceived or adopted during their marriage.  Bouyer filed her Original Petition for Divorce on March 25, 2025, and McFarland answered.  On October 21, 2025, the trial court conducted a final hearing, a record of which was taken by the official court reporter, pronounced its rulings, and later signed its "Final Orders-Judge Report," which divided the parties' marital estate, detailed the property and debts awarded to each party, reinstated Bouyer's maiden name, and ordered certain permanent injunctions and other related orders for inclusion in the final decree.  After McFarland refused to approve the final decree, Bouyer filed a motion for entry of the final decree on October 31, 2025.  The trial court signed the final decree, absent McFarland's signature, on November 12, 2025.

---

[2]We liberally construe briefs and other filings that are submitted by pro se parties; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with all applicable laws and rules of procedure and evidence. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Barrientos v. Barrientos*, 675 S.W.3d 399, 404 n.2 (Tex. App.—Eastland 2023, pet. denied); *Aaron v. Fisher*, 645 S.W.3d 299, 312 (Tex. App.—Eastland 2022, no pet.).

[3]McFarland's appellate brief is insufficient and does not comply with the briefing requirements of Rule 38.1 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 38.1(i).  As we have said before, bare assertions of error, without citations to authority, waive error.  *See Flores v. Benavides*, No. 11-15-00060-CV, 2017 WL 962664, at *1 (Tex. App.—Eastland Mar. 9, 2017, no pet.) (mem. op.).  Nevertheless, and consistent with the supreme court's directive, we will endeavor to address the issues that McFarland has attempted to raise.  *See Bertucci v. Watkins*, 709 S.W.3d 534, 541–42 (Tex. 2025) ("Courts 'should hesitate to resolve cases based on procedural defects and instead endeavor to resolve cases on the merits.'" (quoting *Lion Copolymer Holdings, LLC v. Lion Polymers, LLC*, 614 S.W.3d 729, 732 (Tex. 2020))).

A.  *Property Awarded and Debts Assigned to McFarland*

From the marital estate, McFarland was awarded all household furnishings, appliances, goods, and related items, and all clothing, jewelry and personal effects in his sole possession and control; all sums of cash in his possession; all sums in his 401(k) or similar benefit plans; all policies of life insurance insuring his life; the vehicle in his possession; and his personal property located at the marital residence. McFarland was ordered to pay all debts, charges, liabilities, and other obligations that he incurred after the date of the parties' separation and all encumbrances, ad valorem taxes, liens, assessments, premiums, or other charges due on the personal property that was awarded to him.

B.  *Property Awarded and Debts Assigned to Bouyer*

Bouyer was awarded the marital residence; all household furnishings, appliances, goods, and similar items, and all clothing, jewelry and personal effects in her sole possession and control; the sums of cash in her possession or subject to her sole possession and control; all sums in her 401(k) or similar benefit plans; all policies of life insurance insuring her life; and a 2015 Infiniti Q50 vehicle.  Bouyer was ordered to pay all debts, charges, liabilities, and other obligations that she incurred after the date of the parties' separation and all encumbrances, ad valorem taxes, liens, assessments, premiums, or other charges due on the real and personal property awarded to her.

C.  *Post-Trial*

On December 5, 2025, McFarland filed a motion to reopen the case and vacate the trial court's final decree because of alleged irregularities, manipulation, and concealed evidence; he requested a hearing on his motion.  The trial court held the hearing on the motion on January 8, 2026, and McFarland appeared pro se while Bouyer appeared with trial counsel.  McFarland requested that the trial court

3

reinstate the divorce action and vacate the final decree of divorce and argued that he did not have a fair opportunity to present evidence at the final hearing.

At this hearing, the trial court questioned McFarland as to how he was precluded from offering evidence or challenging Bouyer's evidence at the final hearing. McFarland responded that he had the information on a thumb drive but did not have printed notes to present to the trial court at the hearing. He stated that he brought the thumb drive and a computer to display the evidence, but when the trial court questioned why he did not use the computer to display the evidence, he stated that he was unaware of the proper procedure in which to do so. The trial court questioned whether he arrived in advance of the final hearing to inquire about and understand the process or reviewed the trial court's website for instructions on how to introduce such evidence; McFarland denied doing either.

The trial court also confirmed with McFarland that he had attended a hearing for temporary orders where he was able to observe Bouyer's trial counsel present and object to evidence. When questioned as to whether there were other reasons for his contention that his rights had been impeded at the final hearing, McFarland maintained that the sole reason was that he did not have the opportunity to present all his evidence. Bouyer's trial counsel responded only by arguing that the record showed that the trial court provided an opportunity for McFarland to cross-examine Bouyer, examine and object to proffered evidence, and testify, and that before the final hearing adjourned the trial court asked McFarland if he intended to make any other statements or present other evidence, in which he declined. The trial court stated that allowing both parties the opportunity to present evidence was important, but it was ultimately obligated to follow the law as it related to the admission of evidence. The trial court then denied McFarland's motion. McFarland did not

request that the trial court issue findings of fact and conclusions of law; instead, he filed his notice of appeal.

## II. *Standard of Review*

The trial court in a divorce action "shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party." TEX. FAM. CODE ANN. § 7.001 (West 2020). It is well-settled that the trial court has broad discretion in its division of a marital estate. *Murff v. Murff*, 615 S.W.2d 696, 698–99 (Tex. 1981); *McKnight v. McKnight*, 543 S.W.2d 863, 866 (Tex. 1976). "The division 'should be corrected on appeal only where an abuse of discretion is shown in that the disposition made of some property is manifestly unjust and unfair.'" *Bradshaw v. Bradshaw*, 555 S.W.3d 539, 543 (Tex. 2018) (quoting *Hedtke v. Hedtke*, 248 S.W. 21, 23 (Tex. 1923)); *Murff*, 615 S.W.2d at 698–99. A trial court abuses its discretion when its decision is arbitrary, unreasonable, and without reference to guiding rules or principles. *In re A.L.M.-F.*, 593 S.W.3d 271, 282 (Tex. 2019).

In family law cases, the abuse of discretion standard of review overlaps with the traditional sufficiency standards of review. *Moore v. Moore*, 568 S.W.3d 725, 729 (Tex. App.—Eastland 2019, no pet.). Because of this, we engage in a two-pronged inquiry: (1) did the trial court have sufficient evidence upon which to exercise its discretion, and (2) did the trial court err in its application of that discretion. *Roberts v. Roberts*, 531 S.W.3d 224, 231 (Tex. App.—San Antonio 2017, pet. denied).

Under the first prong, legal and factual sufficiency challenges are not independent reversible grounds of error but instead are relevant factors that we consider in assessing whether the trial court abused its discretion. *Nelson v. Nelson*, 193 S.W.3d 624, 628 (Tex. App.—Eastland 2006, no pet.) (citing *Beaumont Bank*,

*N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991)). Each party in a divorce proceeding has a responsibility to produce evidence of the values of the disputed properties to provide the trial court with a basis upon which to make a "just and right" division of the marital estate. *See Reyes v. Reyes*, 458 S.W.3d 613, 620 (Tex. App.—El Paso 2014, no pet.); *see also* FAM. § 7.001. The trial court has no independent knowledge of the items that comprise the marital estate nor their worth; therefore, to reach a just and right division of the marital estate, it is incumbent on the litigants to provide the trial court with the necessary evidence of value. *In re Marriage of Palacios*, 358 S.W.3d 662, 663 (Tex. App.—Amarillo 2009, pet. denied).

Under the second prong, the division of the marital estate will only be disturbed if the trial court ordered a division that is manifestly unfair and unjust. *See Murff*, 615 S.W.2d at 698. Several factors are relevant to the determination of a "just and right" property division, including the parties' (1) disparity in level of income or earning capacity, (2) capacities and abilities, (3) relative needs and financial condition, (4) relative fault in causing the dissolution of the marriage, and the benefits the party without fault would have received had the marriage continued, (5) future business prospects, (6) disparity in age, (7) separate estates, (8) level of education, and (9) the nature of the property and other assets to be divided. *Id.* at 698–99. Thus, if the evidence demonstrates a reasonable need to do so, the trial court may order a disproportionate division of the marital estate. *Id.*

As with all challenges of this nature, it was McFarland's burden to show that the trial court's division of the marital estate was so disproportionate as to be manifestly unjust and unfair. *In re Marriage of Rangel & Tovias-Rangel*, 580 S.W.3d 675, 682 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

III. Analysis

In his first issue, McFarland contends that the trial court abused its discretion when it awarded Bouyer the marital residence and 100% of the accrued equity in the residence without awarding him a share of the existing equity in the home at the time of division.

A. *Division of the Marital Estate*

At the outset, we note that McFarland did not file or submit to us the reporter's record from the final hearing. In the absence of a reporter's record, we must presume that the evidence supports the trial court's judgment and findings. *Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998); *see also Givens v. Givens*, 616 S.W.2d 450, 451 (Tex. App.—Houston [14th Dist.] 1981, no writ) ("Appellant is unable to show that the absence of a record in this case is not the result of her own negligence or lack of due diligence."). Thus, because the reporter's record from the final hearing is not part of the appellate record, this presumption compels us to conclude that the evidence supports the trial court's findings and judgment.

The trial court's allocation of the marital residence and all accrued equity in it to Bouyer, as pronounced and later recited in its final decree, on its face is not alone enough to show error. *See Houghtaling v. Houghtaling*, No. 01-13-00547-CV, 2014 WL 3928592, at *5 (Tex. App.—Houston [1st Dist.] Aug. 12, 2014, no pet.) (mem. op.) ("Because silence is inadequate to show error on the face of the record, we will not presume that whatever evidence was presented at the hearing was insufficient to support the trial court's division of property." (citing *Ginn v. Forrester*, 282 S.W.3d 430, 433 (Tex. 2009))). And contrary to McFarland's assertion that the trial court's award granted a disproportionate division of the equity to Bouyer, the trial court's final decree recites that Bouyer was charged with

7

satisfying all outstanding debt associated with the residence and any continuing residential expenses. *See Villalpando v. Villalpando*, 480 S.W.3d 801, 809 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (holding that the trial court's allocation of the marital estate to the husband was not disproportionate because the net value of his award was lower because of the debt he incurred in connection with the real property awarded to him); *see also Wright v. Wright*, 65 S.W.3d 715, 716 (Tex. App.—Eastland 2001, no pet.) (affirming an award of 88% of the marital estate to the wife); *Salsman v. Salsman*, No. 09-23-00379-CV, 2025 WL 3482859, at *10 (Tex. App.—Beaumont Dec. 4, 2025, pet. denied) (mem. op.) (noting that for purposes of the trial court's division of the marital estate "there is no set threshold of percentages [that is] allowed or disallowed under either the Texas Family Code or under our jurisprudence." (quoting *Bennett v. Bennett*, No. 09-17-00162-CV, 2019 WL 1940859, at *10 (Tex. App.—Beaumont May 2, 2019, no pet.) (mem. op.))); *Simons v. Simons*, No. 11-21-00066-CV, 2023 WL 2415209, at *6–8 (Tex. App.—Eastland Mar. 9, 2023, no pet.) (mem. op.) (affirming the trial court's award of 100% of the marital estate to the wife).

Further, when, as in this case, no findings of fact or conclusions of law are requested or filed, we must presume that the trial court made all the necessary findings to support its judgment. *Roberts v. Roberts*, 402 S.W.3d 833, 838 (Tex. App.—San Antonio 2013, no pet.); *Boyd v. Boyd*, 131 S.W.3d 605, 611 (Tex. App.—Fort Worth 2004, no pet.). Thus, if the evidence supports the trial court's implied findings, we must uphold the judgment on any theory of law that is applicable to the case. *Roberts*, 402 S.W.3d at 838; *Boyd*, 131 S.W.3d at 611.

Here, the record before us consists solely of the clerk's record, which includes the trial court's final decree, and a reporter's record from the hearing on McFarland's motion to reinstate. There is no record of the evidence that the trial court considered

at the final hearing in making its division of the marital estate. As such, we presume that the evidence supports the trial court's judgment and findings. *See Bryant*, 972 S.W.2d at 31; *see also Willingham v. Willingham*, No. 02-22-00398-CV, 2023 WL 4501832, at *3 (Tex. App.—Fort Worth July 13, 2023, no pet.) (mem. op.) (overruling the appellant's issue and collecting cases holding that "[a] reporter's record is necessary to determine whether the trial court abused its discretion in dividing marital property").

Accordingly, we overrule McFarland's first issue.

B. *The Trial Court's Consideration of Evidence*

In his second issue, McFarland complains that the trial court abused its discretion when it "refused" to consider and admit his alleged evidence regarding the value of the marital residence. He claims that the trial court refused to review the evidence simply because it was contained on a flash drive, stating that the trial court "effectively excluded material information."

We review a trial court's decision to either admit or exclude evidence under an abuse of discretion standard. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005); *Dipprey v. Double Diamond, Inc.*, 637 S.W.3d 784, 815 (Tex. App.—Eastland 2021, no pet.). In this regard, we must uphold the trial court's evidentiary ruling if there is any legitimate basis for it. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *Dipprey*, 637 S.W.3d at 815.

"[I]n order to complain on appeal of a trial court's failure to admit evidence, the complaining party must have made a record of a request and the trial court's failure to grant the request." *Estate of Veale v. Teledyne Indus., Inc.*, 899 S.W.2d 239, 244 (Tex. App.—Houston [14th Dist.] 1995, writ denied); *see also* TEX. R. APP. P. 33.1(a); *Sandberg v. STMicroelectronics, Inc.*, 600 S.W.3d 511, 530–31

(Tex. App.—Dallas 2020, pet. denied). In this case, McFarland did neither. As such, he failed to preserve this complaint for our review. *See* Tex. R. App. P. 33.1(a).

Nevertheless, McFarland's argument fails on the merits. At the hearing on McFarland's motion, the trial court addressed McFarland's concerns:

> THE COURT: But my question to you is: The only reason that you believe that the Court impeded your ability is that you didn't present your evidence because you didn't know how, meaning I didn't in any way exclude your evidence or exclude you from admitting your evidence. You simply just didn't know the proper procedure to do so?

> [MCFARLAND]: Correct.

Counsel for Bouyer confirmed that, at the final hearing, the trial court asked McFarland whether he wished to present testimony or other evidence, and stated that she "recall[ed] [McFarland's] answer to be no." The trial court agreed with counsel's recollection and stated that it "asked on several occasions for witnesses or [McFarland] to testify or to admit evidence." The trial court stated, "Allowing each side to admit evidence that is proper[ly] before the Court is important to me. Giving everyone their fair day in court is very important to me. And I try to do everything I can to allow both sides the opportunity to do that." In this case, there is no indication in the appellate record that the trial court excluded evidence that McFarland either presented or intended to offer at the final hearing.

Instead, the reporter's record of the hearing on McFarland's motion to reinstate indicates that McFarland briefly argued that his opportunity to present facts to the trial court was impeded because, although he did not have printed copies, at the final hearing he had in his possession information on a thumb drive that he desired to offer. McFarland's contention that he was unaware of "the proper setup" to display such information was challenged when he conceded that he neither arrived early before the final hearing commenced nor used the resources that were available on the trial court's website to understand the proper method to display the

10

information on the thumb drive. Noting that McFarland had attended all prior hearings and had the opportunity to (1) observe Bouyer's trial counsel present and object to evidence, (2) present his own evidence, (3) offer witnesses, and (4) testify, the trial court denied McFarland's motion to reinstate. However, the exact circumstance of the trial court's alleged refusal to consider McFarland's evidence at the final hearing is unclear because, as we have discussed, McFarland failed to file the reporter's record of the final hearing in this appeal.

Moreover, trial courts are permitted to promulgate local rules that govern the practice in the courts in which they preside. TEX. R. CIV. P. 3a(a). Such local rules must be consistent with state or federal law or the rules adopted by the Texas Supreme Court, and to be effective, they must be published on the trial court's website. *Id.* R. 3a(b), (c). The 393rd District Court has adopted rules consistent with the Denton County District Courts' Standing Order Regarding Evidence and the Uniform Format Manual for Texas Reporters' Records, which specify the requisite format for computer files of text documents. *See* Denton (Tex.) Standing Order Regarding Evidence, https://www.dentoncounty.gov/DocumentCenter/View/5993/Standing-Order-Regarding-Evidence-PDF; 393rd (Tex.) Dist. Ct. Exhibit Rules, https://www.dentoncounty.gov/DocumentCenter/View/1143/393rd-District-Court-Exhibit-Rules-PDF. These rules are also available for viewing on the courts' public website.

As we have said, in the absence of a complete reporter's record, we must presume that the evidence supports the trial court's decisions. *Bryant*, 972 S.W.2d at 31; *see also Interest of C.G.H.*, No. 05-24-01481-CV, 2026 WL 598083, at *3–4 (Tex. App.—Dallas Mar. 3, 2026, no pet.) (mem. op.) (affirming the trial court's exclusion of evidence of domestic violence at the final hearing after the appellant's failure to file a reporter's record); *Interest of G.S.*, No. 14-20-00445-CV, 2022 WL

1789808, at *2–4 (Tex. App.—Houston [14th Dist.] June 2, 2022, no pet.) (mem. op.) (affirming the trial court's determination on the admission of witness testimony after the appellant's failure to produce a complete reporter's record). Here, as with McFarland's first issue, the presumption resulting from the absence of a complete reporter's record compels us to conclude that the trial court did not abuse its discretion when it "denied" the admission of McFarland's purported evidence.

Accordingly, we overrule McFarland's second issue.

## IV. *This Court's Ruling*

We affirm the judgment of the trial court.


W. STACY TROTTER

JUSTICE


July 23, 2026

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.